PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Eastern District of Tennessee |
|---|---|
| Name (under which you were convicted):<br>Harold Wayne Nichols | Docket or Case No.: |
| Place of Confinement:<br>Riverbend Maximum Security Institution | Prisoner No.: 146457 |

| Petitioner (include the name under which you were convicted)<br>Harold Wayne Nichols | v. | Respondent (authorized person having custody of petitioner)<br>Ricky Bell, Warden |
|---|---|---|
| The Attorney General of the State of Tennessee, Robert E. Cooper, Jr. | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   Hamilton County Criminal Court, Chattanooga, TN

   (b) Criminal docket or case number (if you know): #175495; #175497

2. (a) Date of the judgment of conviction (if you know): 9/13/1989
   (b) Date of sentencing: 12/14/90, re-sentenced 12/17/07

3. Length of sentence: #175495 - 25 years; #175497 - 6 years

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☑ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: _____
   #175495 - charged with aggravated rape of T.R.
   #175497 - charged with 1st degree burglary

6. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (3) Nolo contendere (no contest) ☐
   (2) Guilty ☑       (4) Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☐   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐   No ☐

8. Did you appeal from the judgment of conviction?

Yes ☑   No ☐

9. If you did appeal, answer the following:
   (a) Name of court: Tennessee Court of Criminal Appeals
   (b) Docket or case number (if you know): #03C01-9108-CR-00236
   (c) Result: affirmed
   (d) Date of result (if you know): December 19, 1995
   (e) Citation to the case (if you know): State v. Nichols, 1995 WL 755957 (Tenn.Crim.App.)
   (f) Grounds raised: _____
   Trial Court erred at sentencing hearing; The order the cases were tried and sentenced was unconstitutional

   (g) Did you seek further review by a higher state court?   Yes ☐   No ☑
   If yes, answer the following:
   (1) Name of court: _____
   (2) Docket or case number (if you know): _____
   (3) Result: _____

   (4) Date of result (if you know): _____
   (5) Citation to the case (if you know): _____
   (6) Grounds raised: _____

   (h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑
   If yes, answer the following:
   (1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

    Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: Hamilton County Criminal Court

    (2) Docket or case number (if you know): #213887, #213896

    (3) Date of filing (if you know): December 18, 1996

    (4) Nature of the proceeding: Post Conviction proceedings

    (5) Grounds raised: Unlawfully induced guilty plea; Coerced confession; Unconstitutional search and seizure; Unlawful arrest; Violate privilege against self-incrimination; Failure to disclose evidence; Unconstitutional grand jury; Ineffective assistance of counsel; Newly discovered evidence; Illegal evidence; Guilty pleas were not knowingly/intelligently entered into; Withheld exculpatory evidence in violation of Brady v. Maryland; The Court and the State violated Nichols' rights at the sentencing hearing

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☑  No ☐ Petition denied in part, sentences vacated on different grounds, re-sentencing

    (7) Result: ordered, affirmed 2001 Tenn.Crim.App. LEXIS 47(Jan.19, 2001), 90 S.W.3d 576 (Tenn.2002)

    (8) Date of result (if you know): March 18, 1998; Resentenced December 17, 2007

    (b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: Tennessee Court of Criminal Appeal

    (2) Docket or case number (if you know): E2008-00169-CCR-R3-CD

    (3) Date of filing (if you know): January 16, 2008

    (4) Nature of the proceeding: Direct appeal from re-sentencing

    (5) Grounds raised: Nine year delay in re-sentencing violates speedy trial provisions of Tennessee and United States Constitutions, resulted from prosecutorial misconduct in violation of due process and denied him federal review in violation of the First, Fifth, Sixth, Eighth and Fourteenth Amendments.

_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?   Yes ☐   No ☑

(7) Result: Affirmed, 2009 Tenn.Crim.App. LEXIS 723; perm.app.den. 2010 Tenn. LEXIS 128 (March 1, 2010)

(8) Date of result (if you know): August 27, 2009

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____
_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?   Yes ☐   No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

   (1) First petition:    Yes ☑   No ☐
   (2) Second petition:   Yes ☑   No ☐
   (3) Third petition:    Yes ☐   No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
_____
_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
1. Counsel failed to investigate the reliability of Nichols' statements taken under coercive and suggestive conditions.
2. Police records implicated other viable suspects who counsel failed to investigate and inform Nichols of these other suspects. 3. Counsel failed to investigate and provide necessary information to the State's forensic expert which would have enabled the expert to exclude Nichols as a suspect.
4. Counsel had Nichols plead guilty before he was seen by the court authorized defense psychologist.
5. Counsel did not move to suppress Nichols' statements taken after he was illegally arrested, based solely on an anonymous tip and coerced to confess. 6. But for counsel's ineffectiveness, Nichols would not have pled guilty.
7. The rape conviction was used to support the aggravating factor in Nichols' death penalty case.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _____
Ineffective Assistance of Counsel is not properly raised on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☑   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Petition for post conviction relief

Name and location of the court where the motion or petition was filed: _____
Hamilton County Criminal Court, Chattanooga, Tennessee

Docket or case number (if you know): #213883 - #213895

Date of the court's decision: March 18, 1998

Result (attach a copy of the court's opinion or order, if available): Petition denied in part, sentences vacated on different grounds, re-sentencing ordered.

(3) Did you receive a hearing on your motion or petition?

    Yes ☑   No ☐

(4) Did you appeal from the denial of your motion or petition?

    Yes ☑   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☑   No ☐   2001 Tenn.Crim.App. LEXIS 47, affirmed 90 S.W.3d 576 (Tenn.2002).

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Tennessee Court of Criminal Appeals, Knoxville, Tennessee

Docket or case number (if you know): E1998-00562-CCA-R3-PD

Date of the court's decision: January 19, 2001

Result (attach a copy of the court's opinion or order, if available):
affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

**GROUND TWO:** Inordinate delay in re-sentencing Nichols violated his right to a speedy trial under the Sixth and Fourteenth amendments and further resulted in a violation of his First Amendment rights under the Petition Clause by denying him federal review.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Nichols formally asserted his right to a speedy re-sentencing proceeding just three months after counsel was appointed. The length of delay was "inordinate" and "caused by either negligence or bureaucratic indifference on the part of the State." Nichols was denied federal review of counsel's performance regarding the aggravating factor in his capital case because sentence had not been imposed in this case.

_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____
_____
_____

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☑  No ☐  2009 Tenn.Crim.App. LEXIS 723 (Aug.27, 2009) perm.app.den. 2010 Tenn. LEXIS 128 (Tenn. March 1, 2010)

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____
_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☐  No ☑

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____
_____

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐  No ☐

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☐  No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐  No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____

_____

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☐   No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐   No ☐

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☐   No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐   No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____
_____
_____

(c) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐  No ☐

   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☐  No ☐

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   _____

   (3) Did you receive a hearing on your motion or petition?

   Yes ☐  No ☐

   (4) Did you appeal from the denial of your motion or petition?

   Yes ☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   Yes ☑ No ☐
    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   Yes ☑ No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____
United States District Court, Eastern District of Tennessee, Chattanooga, Tennessee
Docket No.1:03-cv-202, federal habeas petition, October 21, 2004, dismissed without prejudice.

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  Yes ☐  No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: (waived) Phil Floyd

(b) At arraignment and plea: Hugh J. Moore, Jr., Rosemarie L. Bryan, 1100 SunTrust Bank, 736 Market Street, Chattanooga, TN 37402

(c) At trial: Hugh J. Moore, Jr., Rosemarie L. Bryan, 1100 SunTrust Bank, 736 Market Street, Chattanooga, TN 37402

(d) At sentencing: Hugh J. Moore, Jr., Rosemarie L. Bryan, 1100 SunTrust Bank, 736 Market Street, Chattanooga, TN 37402

(e) On appeal: Hugh J. Moore, Jr., Rosemarie L. Bryan, Arnold C. Moore, Jr., 1100 SunTrust Bank, 736 Market Street, Chattanooga, TN 37402

(f) In any post-conviction proceeding: Mary Ann Green, 701 Cherry Street, Suite 300, Chattanooga, TN 37402; Paul Buchanan, 200 Fourth Avenue, North, 3rd Floor, Nashville, TN

(g) On appeal from any ruling against you in a post-conviction proceeding: _____
Mary Ann Green, 701 Cherry Street, Suite 300 Chatt., TN 37402
Paul Buchanan, 200 Fourth Avenue, North, 3rd Floor, Nashville, TN

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  Yes ☑  No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: Hamilton County Criminal Court, Chattanooga, TN

(b) Give the date the other sentence was imposed: May 12, 1990

(c) Give the length of the other sentence: Sentenced to Death

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes ☑ No ☐ Federal habeas petition docket no. 1:02-cv-0330 filed on November 20, 2003, denied on July 25, 2006, Rule 59 denied November 1, 2006

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This petition is timely. Mr. Nichols was re-sentenced on December 17, 2007. The Tennessee Court of Criminal Appeals affirmed on August 27, 2009. The Tennessee Supreme Court denied permission to appeal on March 1, 2010.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

   (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: vacate the conviction and sentence as obtained in violation of Mr. Nichols' constitutional rights.

or any other relief to which petitioner may be entitled.

*Dana C Hansen Chavis*

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the ~~prison~~ U.S. mailing system on 5-27-10 (month, date, year).

Executed (signed) on 5-20-10 (date).

*Harold W. Nichols*

Signature of Petitioner

---

*(...continued)
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____
_____
_____

_____